

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | 3:22-cr-__36 mo_____ |
| v. | INDICTMENT |
| DIMITRIUS NICHOLAI PRYCE, | 18 U.S.C. § 1343 and Forfeiture Allegation |
| Defendant. | UNDER SEAL |

THE GRAND JURY CHARGES:

INTRODUCTORY ALLEGATIONS

At all times relevant to this Indictment:

1. **DIMITRIUS NICHOLAI PRYCE ("PRYCE")**, defendant herein, was a resident of Portland, Oregon.

2. On or about February 2, 2015, **PRYCE** was convicted of two counts of Robbery in the Second Degree (by use of a firearm) in Multnomah County Circuit Court Case Number 140532036 and sentenced to imprisonment for a term of 70 months. **PRYCE** was also ordered to serve 3 years on post-prison supervision following his release from prison. He was released from custody on or about February 28, 2020.

3. The Economic Injury Disaster Loan ("EIDL") program is a Small Business Administration ("SBA") program that provides low-interest financing to small businesses, renters, and homeowners affected by declared disasters.

4.     On March 27, 2020, President Trump signed the Coronavirus Aid, Relief, and Economic Security Act into law. This statute, along with the subsequently enacted Coronavirus Response and Relief Supplemental Appropriations Act, authorized and appropriated funds to the SBA to provide EIDLs of up to $2 million to eligible small businesses experiencing substantial financial disruption due to the COVID-19 pandemic. In addition, these statutes authorized the SBA to issue advances of up to $10,000 to small businesses within three days of applying for an EIDL. The amount of an advance was to be determined by the number of individuals the applicant certified employing. Borrowers were required to certify that they would use the proceeds of EIDLs "solely as working capital to alleviate economic injury caused by" the COVID-19 pandemic.

5.     In order to obtain an EIDL, an applicant had to provide information about the subject business's operations, such as the date of opening, number of employees, and past revenues. The applicant was also required to certify that he or she had not been convicted of a felony or "placed on any form of parole or probation" in the preceding five years and that all the information in the application was true and correct to the best of the applicant's knowledge.

6.     The SBA initiated disbursements for this program from computer servers located in Denver, Colorado.

## COUNT 1
### (Wire Fraud)
### (18 U.S.C. § 1343)

7.     The allegations in paragraphs 1 through 6 of this Indictment are incorporated as though realleged herein.

/ / /

## THE SCHEME

8.     From not later than June 26, 2020, and continuing through at least January 19, 2021, defendant **PRYCE** devised and intended to devise a material scheme to defraud the SBA and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises.

9.     Specifically, **PRYCE** applied for multiple EIDLs, and successfully obtained one such loan, using false borrower information with the intent to steal and to convert the proceeds of said loans to his personal use and without any intent to repay said loans or to use the proceeds thereof for any authorized purpose.

## MANNER AND MEANS

It was part of this scheme that:

10.     On or about June 26, 2020, **PRYCE** opened checking account number ******4444 at the Kenton branch of Wells Fargo Bank, N.A. ("Wells Fargo"), in Portland, Oregon.

11.     On or about July 4, 2020, **PRYCE** applied for an EIDL and a $10,000 advance by submitting application number 3308615341 to the SBA over the Internet. **PRYCE** solicited the loan and advance for himself, doing business as a sole proprietorship engaged in "Entertainment Services." In his application, **PRYCE** claimed that the business had been established in February 2018, that it had ten employees, and that it had generated gross revenues of $53,000 for the twelve months ending on January 31, 2020. **PRYCE** also denied that he had been "placed on any form of parole or probation" in the preceding five years. All of these representations were false.

12.     On or about July 7, 2020, as a result of the above-described false representations, the SBA disbursed EIDL number 8650628008 in the amount of $15,000, less a $100 fee, and an advance of $10,000 to **PRYCE** through his Wells Fargo checking account number ******4444 in Portland, Oregon.

13.     **PRYCE** withdrew $21,000 from that account, which previously had a balance of $600.04, the same day.

14.     **PRYCE** submitted three more EIDL applications with similar misrepresentations as to his revenues, numbers of employees, and criminal history on January 15, 17, and 19, 2021, but those applications were all denied.

## WIRE FRAUD

15.     On or about July 7, 2020, in the District of Oregon and elsewhere, defendant **DIMITRIUS NICHOLAI PRYCE**, for the purpose of executing the scheme to defraud described above, caused to be transmitted by means of wire communication from the State of Colorado to the State of Oregon the electronic transfer of the proceeds of EIDL number 8650628008.

All in violation of Title 18, United States Code, Section 1343.

## FORFEITURE ALLEGATION

16.     Upon conviction of the wire fraud offense alleged in Count 1 of this Indictment, defendant shall forfeit to the United States pursuant to 18 U.S.C. § 982(a)(1), any and all property, real or personal, involved in or derived from said offense and all property traceable to such property, including but not limited to a money judgment for a sum of money equal to the amount of property involved in or derived from that offense.

17. If the above-described forfeitable property, as a result of any act or omission of defendant:

(a) cannot be located upon the exercise of due diligence;

(b) has been transferred or sold to, or deposited with, a third party;

(c) has been placed beyond the jurisdiction of the court;

(d) has been substantially diminished in value; or

(e) has been commingled with other property which cannot be divided without difficulty;

the United States of America shall be entitled to forfeiture of substitute property pursuant to 21 U.S.C. § 853(p), as incorporated by 18 U.S.C. § 982(b).

Dated: February 8, 2022　　　　　　　　　　　　A TRUE BILL

　　　　　　　　　　　　　　　　　　　　　　　　OFFICIATING FOREPERSON

Presented by:

SCOTT ERIK ASPHAUG
United States Attorney



RYAN W. BOUNDS, OSB #00012
Assistant United States Attorney